Green, J.
delivered the opinion of the court.
This is an action of assumpsit to recover money received to the use of the plaintiff.
*516 It appears from the bill of exceptions, that the plaintiff and one Lucinda Wilson were each entitled, to a legacy of $1200 from the estate of A. J. Key, deceased, of St. Mary’s Parish, in the State of Louisiana, of which estate Thomas Maskell was administrator. Maskell had directions from the agents ofeach of said legatees, to pay over moneys for them to Armour Lake and Cromwell of New Orleans. In the spring of 1843, John Hall, of New Orleans as the agent of Maskell, paid into the hands of Armour & Lake two hundred dollars for account of Lucinda C. Wilson, and took their receipt therefor. The said sum of money was afterwards paid over to James Greer, defendant’s testator, on account of Lucinda C. Wilson, the said Lucinda having authorised Armour & Lake to pay moneys to Greer for her. Afterwards, Maskell stated that said money was paid for account of Lucinda C. Wilson in error, and that it should have been paid for Mary Ann Wilson, the plaintiff, and he wrote to Armour & Lake directing-that it be paid to the plaintiff. But previous to the reception of this letter, Armour & .Lake had paid the money to defendant’s testator for Lucinda Wilson.
Mary Ann Wilson now brings this suit for so much money received to her use.
It is manifest from this statement that Mary Ann Wilson has no title to this money. It was not paid to the defendant on her account, but on the account of another. He did not receive it to her use, and is not answerable to her for it.
If Maskell is indebted to Lucinda C. Wilson, her representative has a right of action against the defendant. Or if Lucinda Wilson and Maskell have settled, disregarding this payment, and the money has come into the hands of Greer by mistake, then Maskell has a right of action to recover it back. But in no event can the plaintiff recover. There is no privity between her and the defendant. The money was actually paid for the use of another, and the fact that the intention of Maskell was to pay it for the plaintiff’s use, can make no difference. This intention on his part was not acted on, and consequently can give the plaintiff no right of action.
If A. pay money to B. for the use of C., to whom he is not *517 indebted, by mistake, intending to have paid it for the use of D., to whom he owed it; this will not giveD. a right of action for the money. But A. must recover it back as having been paid by mistake.
2. In this view of the subject, the court did not err in rejecting the deposition of Maskell, and the settlement between himself and the plaintiff, as the facts were entirely irrelevant, and if proven would not have authorized a recovery.
3. There have been three new trials, but on each trial the verdict was for more than two hundred dollars, and for that reason was properly set aside, and on the third trial there appears to have been but eleven jurors.
For these reasons the prohibition to grant more than two new trials by the act of 1801, ch. 6, sec. 59, does not apply.
There is no error in the judgment/which must be affirmed.